UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| SHANNON HYLAND, as assignee of MIQUASHA SMITH,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>LIBERTY MUTUAL FIRE  )<br>INSURANCE COMPANY,  )<br>)<br>Defendant.  ) | Case No. _____<br><br>TRIAL BY JURY DEMANDED |

COMPLAINT

Plaintiff SHANNON HYLAND, by her attorneys, THE JANSSEN LAW CENTER, complaining against Defendant LIBERTY MUTUAL FIRE INSURANCE COMPANY for a cause of action states as follows:

THE PARTIES

1.   Plaintiff Shannon Hyland is a United States citizens and citizen of the State of Illinois, residing in Peoria, Illinois.

2.   Miquasha Smith is a United States citizen and citizen of the State of Illinois, residing in Peoria, Illinois.

3.   Defendant Liberty Mutual Fire Insurance Company is incorporated in the State of Massachusetts and domiciled in the State of Wisconsin.

JURISDICTION/VENUE

4.   The amount in controversy exceeds seventy-five thousand dollars (>$75,000.00), exclusive of costs and interest, and diversity jurisdiction exists pursuant to 28 U.S.C. §1332.

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391 in that the events and/or omissions giving rise to this claim occurred within the Central District of Illinois.

6. Assignment of this case in Peoria is proper pursuant to Local Rule 40.1 in that the events and/or omissions giving rise to this claim occurred within Peoria County, State of Illinois.

COUNT ONE: BREACH OF INSURANCE CONTRACT/DUTY TO DEFEND

7. On August 3, 2013, Monteil Hyland, a minor at the time, was a passenger in a 2004 Pontiac Grand Prix that was involved in a one-vehicle collision on Columbia Terrace in Peoria, Illinois.

8. On the aforesaid date, the 2004 Pontiac was covered by a liability insurance contract between Kimberly Perkins and Defendant Liberty Mutual Fire Insurance Company, policy number AO2-248-312950-70 for a policy period of June 29, 2013 to May 11, 2014.  A copy of the declarations page and a copy of the insurance policy is attached as Exhibit A.

9. The Liberty Mutual automobile policy listed as covered drivers of the vehicle both Kimberly Perkins and her daughter, Michiah Risby.

10. At the time of the collision, the 2004 Pontiac was being driven by Miquasha Smith, a friend of Michiah Risby.

11. Immediately prior to the collision, Michiah Risby gave the keys to the 2004 Pontiac to Miquasha Smith and also verbally gave her permission to drive the vehicle.

12. While Miquasha Smith was operating the vehicle on Columbia Terrace in Peoria, Illinois, the vehicle struck a curb and collided with parked vehicles.

13. As a result of the collision, Monteil Hyland was injured.

14. On August 12, 2013, Shannon Hyland filed a lawsuit, as mother and next friend of Monteil Hyland, against Miquasha Smith in the Circuit Court of the Tenth Judicial Circuit of

Illinois, Peoria County, case number 13 L 220. The lawsuit alleged that Miquasha Smith was driving the 2004 Pontiac and negligently caused the collision that injured Monteil Hyland.

15. On August 13, 2013, abode service was made on Miquasha Smith.

16. On September 23, 2013, Defendant Liberty Mutual sent a letter to Plaintiff's attorney Jay H Janssen indicating that there was no coverage for this collision because Miquasha Smith was barred by the "entitlement exclusion" and that she did not have permission to drive the vehicle.

17. On December 11, 2013 Plaintiff's attorney, Jay H. Janssen sent a certified letter to Liberty Mutual which included an additional copy of 13 L 220; a statement of service upon Defendant Miquasha Smith; and a statement of intent to seek a default judgment against Defendant Smith.

18. On December 19, 2013 Liberty Mutual responded to Attorney Janssen and specifically denied that there was permissive use of the vehicle by Miquasha Smith and stated that they will not be affording liability coverage or a defense for Miquasha Smith.

19. On January 24, 2014, Defendant Miquasha Smith appeared personally at a case management conference for case 13 L 220 in Peoria, Illinois and indicated that she did not have representation.

20. On June 9, 2014, Plaintiff filed a Motion to Prove up Default Judgment and Damages in case no. 13 L 220 and noticed the motion for hearing on June 26, 2014.

21. On June 26, 2014, the hearing on Default was held in Peoria County and no counsel for Defendant Miquasha Smith appeared.

22. At the June 26, 2014 hearing, both Miquasha Smith and Michiah Risby testified

that Michiah Risby had given the keys to the 2004 Pontiac to Miquasha Smith on the night of the collision and verbally gave her permission to drive the vehicle.

23.     On July 28, 2014 a judgment order was entered by Judge Stephen Kouri in favor of the plaintiff in 13 L 220 in the amount of $4,594,933.85.

24.     At no time did Defendant Liberty Mutual file a declaratory judgment action regarding the duty to defend or indemnify the cause of action contained in 13 L 220.

25.     The policy of insurance from Liberty Mutual states in Part A – "Liability Coverage":

> B.    "Insured" as used in this Part means:
>
> ***
>
> 2.    Any person using your "covered auto."

26.     The policy of insurance from Liberty Mutual states in Part A – "Liability Coverage":

> A.    "We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the "insured." We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted by payment of judgments or settlements. We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.

27.     Defendant Liberty Mutual had a duty to defend Miquasha Smith in case number 13 L 220, as she was a driving a covered automobile with the permission of one of the named insureds.

28.     Defendant Liberty Mutual breached that duty to defend that it owed to Miquasha

Smith and breached the contract of insurance it had which covered the 2004 Pontiac by failing to provide defense to Miquasha Smith.

29.  As a direct and proximate result of the breach of the duty to defend, a judgment has been entered against Miquasha Smith in the amount of $4,594,933.85.

30.  Plaintiff is the actual bona fide owner of the chose in action for breach of the duty to defend, on which this action is brought, she acquired title thereto on January 12, 2015 by assignment from Miquasha Smith, a copy of which assignment is attached, marked "Exhibit B," and made a part of this allegation

WHEREFORE, Plaintiff SHANNON HYLAND seeks judgment against Defendant LIBERTY MUTUAL FIRE INSURANCE COMPANY in the amount of $4,594,933.85, interest upon that judgment pursuant to statute, costs of suit, and any other relief that this courts deems fair and just.

Shannon Hyland, Plaintiff,

By:  s/ Jay H. Janssen                .
     One of her attorneys.

Jay H. Janssen, Bar No. 1325957 (Lead Counsel)
janssenj@jjlaw.com
Patrick S. O'Shaughnessy, Bar No. 6237800
oshaughnp@jjlaw.com

The Janssen Law Center
333 Main Street
Peoria, IL 61602
309-676-2341 (phone)
309-676-7678 (fax)